UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.17-21241-CIV-GAYLES
MAGISTRATE JUDGE P. A. WHITE

CHARLES E. OWEN,

    Plaintiff,

v.

DR. I. ABIA, et al.,
    Defendants.
_____/

REPORT OF MAGISTRATE JUDGE REGARDING PLAINTIFF'S COMPLAINT (DE#1)
AND MOTION TO STAY ADJUDICATION (DE#5)

## I. Introduction

This Cause is before the Court upon Plaintiff's pro se civil rights action instituted pursuant to 42 U.S.C. §1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis* ("IFP"), but a debt to the Clerk of Court was established in the amount of $350.00 for the filing fee. (DE#4; DE#7). Thus, Plaintiff is subject to the screening requirements set forth in 28 U.S.C. §1915(e)(2). In addition, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(per curiam).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; and S.D. Fla. Admin. Order 2003-19.

Plaintiff named the following as Defendants: Dr. I. Abia, Medical Director at South Florida Reception Center; C. Howard-

Walker, Consult Coordinator at South Florida Reception Center; and Julie L. Jones, Secretary of the Florida Department of Corrections in her official capacity. (DE#1). Plaintiff has also filed a Motion to Stay Adjudication, asking the court to stay the proceedings until the resolution of a petition for writ of mandamus filed in the Second Judicial Circuit Court of Florida is resolved and the state court decides whether the Secretary of the Florida Department of Corrections, Julie L. Jones, has a clear legal duty to provide the Plaintiff with health care and resolves his request for injunctive relief. (DE#5).

## II. Standard of Review

Because Plaintiff is a prisoner proceeding in forma pauperis and seeks redress from a government entity, this case is subject to the judicial screening provisions of 28 U.S.C. §1915 and 1915A. Section 1915(e)(2) instructs in relevant part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that -
> 
> . . .
> 
>  (B) the action or appeal --
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28. U.S.C. §1915(e)(2)(B) (emphasis added).

In order to state a claim pursuant to 42 U.S.C. §1983, a plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(per curiam)(citation omitted); Richardson v. Johnson,

2

598 F.3d 734, 737 (11th Cir. 2010)(per curiam)(citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in §1983 cases." Rodriquez v. Secretary, Department of Corr., 508 F.3d 611, 625 (11th Cir. 2007)(quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) and (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief....").

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative

3

level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the factual allegations in the complaint, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id. (clarifying the Twombly standard). When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Iqbal, 556 U.S. 679, 682-83.

### III. Facts Set Forth in the Complaint

Plaintiff alleges that he has been suffering from allergic skin reaction since June 2012. While he was incarcerated at Union Correctional Institution, his symptoms were minimal and manageable with prescribed topical steroid treatment, Triamcinolone 1% Cream

4

(T.A.C.), and continued to be minimal and manageable after he was transferred to Madison Correctional Institution.

In January 2015, Plaintiff was transferred to South Florida Reception Center and continued his treatment regimen with T.A.C. up until November 2015, when he developed a resistance to T.A.C. As a result of the resistance, Plaintiff's symptoms - red, itching welts - spread to 95% of his body. Dr. Matos, Plaintiff's treating physician at South Florida Reception Center prescribed Prednisone, which provided noticeable temporary relief of his symptoms. During 2016, Dr. Matos prescribed Prednisone four (4) times. However, after February 26, 2016, Plaintiff developed a resistence to Prednisone and neither T.A.C. nor Prednisone provided any relief to Plaintiff. Notwithstanding, Dr. Matos continued to prescribe Prednisone on September 29, 2016. The final prescription was for Methylprednisone, which has as potential side effects urticaria, hypersensitivity reactions, and spinal compression fractures. Plaintiff alleges that he was later diagnosed, after a biopsy of one of his red welts, with hypersensitivity reaction, urticaria, and susceptibility to spinal compression fractures.

According to Plaintiff, Dr. Matos continued to prescribe him various oral and topical non-steroid treatments that provided no relief. Plaintiff experienced intensely itching red welts, that covered his body from his neck, to his genitals and feet. He informed the medical staff about the excruciating itching that intensified at night when he was trying to sleep. On August 8, 2016, Dr. Matos submitted a consultation request for evaluation by a dermatologist, to Ms. Howard-Walker. Plaintiff was referred to Dermatologist Jian-Ping Cai, who diagnosed Plaintiff with superficial perivascular dermatitis with dermal hypersensitivity reaction (urticaria). Dr. Cai recommended clinical pathological correlation. However, that recommendation was ignored by medical

personnel at South Florida Reception Center.

Dr. Matos submitted a second referral to Ms. Howard-Walker, which, after three months, resulted in a prescription for Zantac. Plaintiff alleges that Dr. Matos submitted a third and final referral to Ms. Howard-Walker, who consulted with Plaintiff and instructed him to have Dr. Matos resubmit the third referral.

On January 18, 2017, Plaintiff was evaluated by a new temporary physician, Dr. Sanchez, who resubmitted the third referral to Ms. Howard-Walker. On January 19, 2017, Dr. Abia verbally informed Plaintiff, without any examination or review of his medical file, that his referral is denied by instructing Mr. Howard-Walker to decline approval. Dr. Abia informed Plaintiff that he would have to figure out what the allergen was and avoid it, and that "there would be no referral, no exception, and no option." (DE#1).

Plaintiff claims that he filed six (6) grievances with Dr. Abia and appealed five (5) of the six (6) denials, but that the appeals were either responded to untimely or he received no response at all. Plaintiff states that in his appeals he informed the Secretary of the FDOC that he holds the FDOC responsible for providing him with medical care that is unavailable at the South Florida Reception Center.

Plaintiff claims that the Defendants have denied him medical care since December 2015 up to the date of filing the instant complaint and that they have showed deliberate indifference to his medical needs, in violation of his Eighth Amendment rights. Plaintiff seeks compensatory damages in the amount of $100,000, "for his condition, which has been physically torturous without medical care for relief."

IV. Analysis

In his complaint, Plaintiff asserts that the named Defendants have showed deliberate indifference to his serious medical needs from December 2015 until the present.

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. In the prison context, "[t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted). See also Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

To establish an Eighth Amendment claim for deliberate indifference to medical needs, the plaintiff must satisfy three components. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). First, the plaintiff must meet the objective component by showing that he had a serious medical need. Id. Second, he must satisfy the subjective component by showing that the defendants were deliberately indifferent to that need. Id. And, finally, he must show that his injury was caused by the defendants' wrongful conduct. Id. Not every claim of inadequate medical treatment rises to the level of a constitutional violation. Estelle, 429 U.S. at 105, 97 S.Ct. at 291. An incarcerated individual must establish "more than ordinary lack of due care" to succeed on an Eighth Amendment claim. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

"A medical need that is serious enough to satisfy the objective component 'is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

7

attention.'" Goebert, 510 F.3d at 1325 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)(internal quotation marks omitted)). To show that the defendant was deliberately indifferent to plaintiff's serious medical need, plaintiff has to prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010)(alterations omitted)(quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)). See also Goebert, 510 F.3d at 1326-27.

"A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999). However, treatment violates the Eighth Amendment, only if it involves "something more than a medical judgment call, an accident, or an inadvertent failure." Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980). The treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). See also Taylor v. Adams, 221 F.3d at 1258.

A. Julie L. Jones, Secretary of the FDOC

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the undersigned finds that Plaintiff has failed to state a claim against the Secretary of the FDOC, Julie L. Jones, in her official capacity. To hold the Secretary liable under §1983, the Plaintiff must show that the FDOC had a custom or policy

which was "the moving force [behind] the constitutional violation." Young v. City of Augusta, Ga., 59 F.3d 1160, 1171 (11th Cir. 1995). "An action does not need to be official in nature in order to constitute a ... policy or custom." Vasquez v. City of Miami Beach, 895 F.Supp.2d 1275 (S.D.Fla. 2012)(citation omitted). "The Eleventh Circuit recognizes that a longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Id. at 1278 (citing Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991). Plaintiff has not alleged that the denial of medical treatment in his case was due to such policy or widespread practice of the FDOC and he has failed to state any facts that would even remotely subject the Secretary of the FDOC to liability in her official capacity.

B. Dr. I. Abia and Ms. C. Howard-Walker

When liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the undersigned finds that Plaintiff's Complaint does not state a constitutional claim upon which relief could be granted as to either Defendant.

First, Plaintiff's allegations do not meet the objective standard of a serious medical need. Courts have consistently held that skin conditions without other symptoms do not qualify as serious medical needs. See, e.g., Stepnay v. Goff, 164 Fed. Appx. 767 (10th Cir. 2006) (recognizing that "most skin conditions are not intuitively serious"); Reid v. Nassau Cnty. Sherrif's Dep't, No. 13-CV-1192, 2014 WL 4185195, at *20 (E.D.N.Y. Aug. 20, 2014) (holding that an inmate's persistent skin rash and infection did not constitute a "serious medical need"); Smith v. Schwartz, 2010 WL 2115831, at at *3 (S.D.Ill. May 26, 2011) ("Smith's allegations

9

that he suffered chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while Pinckneyville was locked down do not show a serious medical condition."); Johnson v. Sullivan, CV-07-00574-ROS, 2010 WL 2850787, *2 (E.D.Cal. July 19, 2010) (skin condition did not qualify as serious medical need when there was no suggestion that the skin condition affected the inmate's activities or caused him substantial pain); McKeithan v. Beard, No. 06-965, 2010 WL 2028091, at *1-5 (W.D.Pa. Apr. 12, 2010) (excessive itching and dry skin is not a serious medical condition); Gonzalez-Reyna v. Ellis, No. 1:09CV522, 2009 WL 2421482, *3 (E.D. Va. July 27, 2009) ("[I]t is doubtful that skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); Meyers v. Valdez, No. 3-05-CV-1799-L, 2005 WL 3147869 (N.D. Tex., Nov. 17, 2005) (finding that allegations of lack of sleep and extreme rash were insufficient to state a claim); Samuels v. Jackson, No. 97 Civ. 2420, 1999 WL 92617, *3 (S.D.N.Y. Feb. 22, 1999) (holding that a prisoner's "papules, vesicles, pustules, burrows, and intense itching resulting in eczema" was not a serious medical need triggering the Eighth Amendment).

Assuming *arguendo* that Plaintiff has demonstrated an "objectively serious medical need" satisfying the first component of the Eighth Amendment claim, he would not be able to show deliberate indifference to his medical need. Although Plaintiff argues that the Defendants have denied him medical treatment from December 2015 until the present, the facts alleged in the complaint show otherwise. Plaintiff has received treatment while incarcerated at South Florida Reception Center, and Dr. Matos has constantly prescribed topical or oral medication that either worked for a limited period of time or did not work at all. In addition, Plaintiff was referred to a dermatologist who diagnosed him with

superficial perivascular dermatitis with dermal hypersensitivity reaction. Thus, Plaintiff's own account of all the treatments he was prescribed, demonstrates that he was not treated with deliberate indifference. Plaintiff takes issue with the fact that Dr. Abia denied the third referral to an outside dermatologist. However, Plaintiff admits in his complaint that in response to his grievances, Dr. Abia informed Plaintiff that the next course of treatment will be determined by the site doctor and that his condition is being monitored by the site doctor.

The facts alleged by the Plaintiff in his complaint, confirm that Dr. Abia was not deliberately indifferent to his medical needs. At most, Dr. Abia was negligent for not following through with providing the care assured in the response to Plaitniff's grievances. However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

To the extent Plaintiff is attempting to allege that Ms. Howard-Walker's delay in processing his referrals constituted deliberate indifference to his serious medical needs, that claim also fails. Although "[d]elay in access to medical attention can violate the Eighth Amendment ... when it is tantamount to unnecessary and wanton infliction of pain," Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), Plaintiff's allegations simply do not demonstrate a serious medical need or that any delay in processing the referrals rose to a constitutional level. Therefore, Plaintiff's complaint against Dr. Abia and Ms. Howard-Walker should be dismissed for failure to state a claim.

C. Plaintiff's Motion to Stay Adjudication (DE#5)

A district court has "broad discretion to stay proceedings."

11

Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). A variety of circumstances could justify a district court stay pending the resolution of a related case in another court. A stay could be authorized simply as a means of controlling the court's docket and managing cases before the district court. See, e.g., Clinton, 520 U.S. 681, 117 S.Ct. 1636, 1650 (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). In some cases, a stay might be authorized also by principles of abstention. See, e.g., Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S.Ct. 1712, 1722, 135 L.Ed.2d 1 (1996) (stating that abstention principles may require a district court to stay a case pending resolution of related proceedings). In this case, however, a stay is not justified under any of these grounds and for the reasons discussed in this report. Therefore, it is recommended that the motion to stay be denied.

## V. Conclusion and Recommendations

In conclusion, it is recommended that:
(1) Plaintiff's Motion to Stay Adjudication (DE#5) be denied;
(2) Plaintiff's complaint (DE#1) be dismissed without prejudice for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and the case be closed;
(3) Notwithstanding the above recommendation, Plaintiff should be permitted, if he so chooses, to file an amended complaint to cure the deficiencies, if possible, by a date certain. See Allen v. Evans, No. 09-938-LPS, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011) (finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing Grayson v. Mayview State

Hospital, 293 F.3d 103, 114 (3d Cir. 2002)). As one court previously instructed, the pro se plaintiff should be advised as follows:

> An amended complaint operates as a complete substitute (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable-once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, in amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged....[The Amended Complaint] may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case... In order to make a short and plain statement of claims against the defendants, [P]laintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.

See Vasquez v. Pierce County Jail, No. 12-5268 BHS/LLS, 2012 WL 1377098 at *5 (W.D. Wash. Apr. 18, 2012)(citation omitted).

Plaintiff should be reminded that for each separate allegation, the Amended Complaint should identify the specific defendant or defendants against whom the claim is brought and the constitutional or federal law the Plaintiff contends was violated. It should also contain clear, specific factual allegations with respect to the conduct of each defendant that Plaintiff contends violated his rights and the date on which the alleged conduct took place.

Objections to this report may be filed with the District Judge within fourteen (14) days of receipt of a copy of the report. Failure to file timely objections shall bar Plaintiff from a *de novo* determination by the district judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 30th day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Cc: Charles E. Owen, pro se
DOC#: P36307
South Florida Reception Center-South Unit
Inmate Mail/Parcels
13910 NW 41st Street
Doral, FL 33178